UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

1) RICK SOBER and )
2) KIMBERLY SOBER, )
   )
   Plaintiffs, )
   )
v. ) Case No.: CIV-15-1122-M
   ) *(formerly Oklahoma County District*
3) PROGRESSIVE NORTHERN ) *Court Case No.: CJ-2015-5261)*
   INSURANCE COMPANY, )
   )
   Defendant. )

**DEFENDANT PROGRESSIVE NORTHERN
INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446(b), Defendant, Progressive Northern Insurance Company ("Progressive" or "Defendant"), hereby removes the above-captioned lawsuit from the District Court of Oklahoma County, State of Oklahoma to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-2**.

The removal of this case to federal court is based on the following:

### FACTUAL BACKGROUND

1. On October 9, 2012, Plaintiff, Rick Sober, was involved in a minor automobile accident ("Accident") with a vehicle driven by Lacey Todd ("Todd"). (*See* Petition, Case No.: CJ-2015-5261, ¶ 1, **EXHIBIT 2**.)

2. Plaintiffs claim the Accident was entirely a result of Todd's negligence. (*See* Petition, Case No.: CJ-2015-5261, ¶¶ 2-3, **EXHIBIT 2**.)

3. Plaintiffs allege that as a result of Todd's negligence, Plaintiffs sustained injuries. (*See* Petition, ¶¶ 7-9, **EXHIBIT 2**.)

4. At the time of the Accident, Plaintiffs were insured under an automobile insurance policy issued by Progressive, Policy No. 53159585-0 (the "Policy"). The Policy provides uninsured/underinsured motorist ("UM/UIM") benefits in the amousnt of $100,000.00 each person/$300,000.00 each accident. (*See* Declarations Page for Policy No. 53159585-0, attached as **EXHIBIT 3**.)

5. On September 29, 2015, Plaintiffs filed the present action in the District Court for Oklahoma County, State of Oklahoma, alleging Progressive breached the contract of insurance and did so in bad faith. (*See* Petition, ¶¶ 7-14, **EXHIBIT 2**.)

6. Plaintiffs allege damages against Progressive in excess of $75,000.00. (*See* Petition, ¶¶ 15-21, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

7. "'Federal Courts are courts of limited jurisdiction. They posses only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

8. However, as of the moment Plaintiffs filed their Petition, diversity of jurisdiction existed. Specifically, as of the date of Plaintiffs' filing of their Petition, pursuant to 28 U.S.C. § 1332 (a)(2), this action is a civil action over which this Court has original jurisdiction. It is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as shown below.

9. At the time of filing, the relevant time period, upon information and belief, Plaintiffs, Rick and Kimberly Sober, were citizens and residents of the state of Oklahoma. (*See* Declarations Page for Progressive Policy No. 53159585-0, **EXHIBIT 3**; *see also* Petition for Dissolution of Marriage filed on April 10, 2015, in the District Court of Kay County; Case No. FD-2015-52-PC, attached as **EXHIBIT 4**.) Generally, jurisdiction depends upon the state of things at the time of filing. *See Groupo Dataflux v. Atlas Global Group*, L.P., 541 U.S. 567 (2004). Plaintiffs were certainly not citizens of the State of Wisconsin or Ohio at the time of filing. (*See* Petition, ¶ 1, **EXHIBIT 2**.)

10. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never exactly defined "principal place of business," the Supreme Court has held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center," *i.e.*, where the corporation's officers direct control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11. At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the State of Wisconsin with its "nerve center" or "principal place of business" in Ohio. Progressive was not a citizen of the State of Oklahoma. (*See* Annual Statement cover page for Progressive Northern Insurance Company, attached as **EXHIBIT 4**.)

12. As Plaintiffs and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

13. Diversity jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. This requirement is also met.

14. Last December in *Dart Cherokee Basin Operating Co., LLC v. Owens*, the United States Supreme Court held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S.Ct. 547, 553 (2014).

15. Applying *Dart Cherokee Basin Operating Co.*, this Court recently stated that "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015).

16. In the present action, Plaintiff, Rick Sober, has alleged injuries in the Petition in excess of $75,000.00. (*See* Petition, ¶¶ 15, 17, 19, 21, **EXHIBIT 2**.) Furthermore, Plaintiff, Kimberly Sober, has alleged injuries in the Petition in excess of $75,000.00. (*See* Petition, ¶¶ 16, 18, 20, 21, **EXHIBIT 2**.) Plaintiffs' pleading places at minimum, $150,000.02 in controversy.

17. Therefore, as disclosed by the pleadings, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

18. Pursuant to 28 U.S.C § 1446(b), this Notice of Removal is timely filed with this Court. Specifically, Progressive has not been served process at this time, yet hereby waives any defense of insufficiency of service of process and will file an answer shortly.

19. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on September 29, 2015, **EXHIBIT 2**.)

20. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma. The Western District of Oklahoma includes the County of Oklahoma County. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

21. Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiffs, and Progressive has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Larry A. Tawwater, Esquire
Darren M. Tawwater, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2015, I served the same document by U.S. Mail on the following, who are not registered participants in the ECF system:

Mr. Tim Rhodes          *VIA HAND DELIVERY*
Oklahoma County District Court Clerk
320 Robert S. Kerr, Room 409
Oklahoma City, Oklahoma 73102

s/ Brad L. Roberson
For the Firm

7